Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Chance Gray**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Central Arizona Civil Construction Company**, an Arizona company; **Tyler White,** an Arizona resident; **Brandon Hancock,** an Arizona resident; and **Jessica Hancock,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Chance Gray ("**Plaintiff**"), for his Verified Complaint against Defendants Central Arizona Civil Construction Company ("**Central Arizona**" or "**Entity Defendant**"); Tyler White; Brandon Hancock; and Jessica Hancock (all together known as "**Defendants**"), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage

Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2.  This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3.  This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6.  Plaintiff's state law claims are sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7.  Plaintiff was employed by Defendants in this District.

## PARTIES

8.  At all relevant times to the matters alleged herein, Plaintiff Chance Gray resided in the District of Arizona.

9.  Plaintiff Chance Gray was a full-time employee of Defendants from in or around May 2023, until on or around July 24, 2023 ("all relevant times").

10. At all relevant times, Plaintiff Chance Gray was an employee of Defendants

as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff Chance Gray was an employee of Defendants as defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff Chance Gray was an employee of Defendant Central Arizona defined by A.R.S. § 23-350(2).

13. Defendant Central Arizona is a company authorized to do business in Arizona.

14. Defendant Central Arizona was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant Central Arizona was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Central Arizona was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Defendant Tyler White is an Arizona resident.

18. Defendant Tyler White has directly caused events to take place giving rise to this action.

19. Defendant Tyler White is the director of Central Arizona.

20. Defendant Tyler White is the statutory agent of Central Arizona.

21. Defendant Tyler White is an owner of Central Arizona.

22. Defendant Tyler White is an employer for Central Arizona.

23. Defendant Tyler White has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

24. Defendant Tyler White has been at all relevant times Plaintiff's employer as

defined by A.R.S. § 23-362(B).

25.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Tyler White is an employer.

26.  Defendant Tyler White determined the rate and method of Plaintiff's payment of wages.

27.  Defendant Tyler White approved payroll and employee hours.

28.  As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Tyler White is subject to individual and personal liability under the FLSA.

29.  Defendant Brandon Hancock is an Arizona resident.

30.  Defendant Brandon Hancock has directly caused events to take place giving rise to this action.

31.  Defendant Brandon Hancock is the secretary of Central Arizona.

32.  Defendant Brandon Hancock is an owner of Central Arizona.

33.  Defendant Brandon Hancock is an employer for Central Arizona.

34.  Defendant Brandon Hancock has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

35.  Defendant Brandon Hancock has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

36.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Brandon Hancock is an employer.

37. Defendant Brandon Hancock supervised and controlled the conditions of Plaintiff's employment.

38. Defendant Brandon Hancock would give instructions to the superintendent regarding work that needed to be completed.

39. Defendant Brandon Hancock determined the rate and method of Plaintiff's payment of wages.

40. Defendant Brandon Hancock approved employee timesheets.

41. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Brandon Hancock is subject to individual and personal liability under the FLSA.

42. Defendant Jessica Hancock is an Arizona resident.

43. Upon reasonable belief, during Plaintiffs' employment with Defendants, Defendant Jessica Hancock and Defendant Brandon Hancock were legally married.

44. Defendant Jessica Hancock and Defendant Brandon Hancock have caused events to take place giving rise to this action as to which their marital community is fully liable.

45. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

46. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

47. Defendants, and each of them, are sued in both their individual and corporate capacities.

48. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

49. Plaintiff has a good faith reasonable belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2023.

50. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

51. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

52. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

53. Plaintiff would communicate with Defendants via text message and telephone.

54. Plaintiff is a covered employee under individual coverage.

55. Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

56. The entity Defendant is a construction company.

57. On or around May 2023, Plaintiff Chance Gray commenced employment with Defendants with the job title of equipment operator.

58. Plaintiff's primary job duties included hauling rock, laying pipe, estimations, and manual labor.

59. Plaintiff was to be paid $23.00 an hour.

60. Plaintiff was a non-exempt employee.

61. Plaintiff is owed two paychecks.

62. Plaintiff estimates he is owed approximately $1,800.

63. Defendants failed to properly compensate Plaintiff for his hours worked.

64. Plaintiff, therefore, did not receive his FLSA minimum wage or Arizona minimum wage.

65. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

66. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

67. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

68. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

69. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

70. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

71. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

72. Defendants have intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

73. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 206.

74. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

75. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

76. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

77. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

78. Defendants have not made a good faith effort to comply with the FLSA.

79. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

### COUNT II
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

80. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

81. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

82. Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

83. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is

entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

84. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**COUNT III**
**(FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)**
**(ONLY AGAINST ENTITY DEFENDANT)**

85. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

86. At all relevant times, Plaintiff was employed by Entity Defendant within the meaning of the Arizona Wage Statute.

87. Entity Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

88. Entity Defendant was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

89. Entity Defendant failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

90. Entity Defendant has willfully failed and refused to timely pay wages due to Plaintiff.

91. As a result of Entity Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the

following acts:

    i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

1  RESPECTFULLY SUBMITTED August 8, 2023.

2  **WEILER LAW PLLC**

4  By: /s/ Jason Barrat
   5050 N. 40th St., Suite 260
   Phoenix, AZ 85018
   Attorneys for Plaintiff

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

## **VERIFICATION**

Plaintiff Chance Gray declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Chance Gray

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: 548d551f95ff0334cf42731fd90bd2bbb051fc68